CORNELIUS WORTH ET AL. v. RICHARD L. McCONNELL ET AL.

*Seller's talk—Warranty—Damages—Special questions to jury.*

The representation by the vendor of a threshing machine that it is a very good machine and will do nice work, is not a warranty.

Where a special question to the jury as to whether they found a machine was sold with a recommendation or a warranty that it would do good work, was answered yes, it was *held* that the answer did not determine whether they found a warranty or a mere recommendation.

Where defendants to an action on a note relied upon the recoupment of damages for an alleged breach of warranty, and there was no evidence to show a warranty, and the jury did not find that there was any, a modification of the defendant's request to charge on the subject of damages was immaterial.

In an action on a note the question arose whether defendant had written certain letters. The execution of the note was not in issue, but defendant denied having signed it, and there was testimony tending to show he did not write the letters. *Held* proper to admit, for purposes of comparison, the testimony of a witness showing that he had a note which he had seen defendant sign, and to allow him to compare the note in suit with it, and express his opinion as to whether he had signed the note and written the letters.

Recoupment for breach of warranty was claimed in an action on a note given for the article sold. The plaintiff claimed that defendant had sent certain letters expressing his satisfaction with the article and asking an extension of time for payment. *Held*

proper to introduce the letters so that the jury, by comparing them with the note, and from the other evidence, might determine whether they were genuine and were written by the defendant or by his authority.

Error to Genesee. Submitted Jan. 7. Decided Jan. 20.

ASSUMPSIT. Defendants bring error.

*Gaskill & Thayer* for plaintiff in error. Handwriting cannot be proved by comparison with papers outside of the case unless they are already properly before the jury for other purposes or the parties admit their genuineness and fitness for comparison, or unless the documents in question are ancient, *Vinton v. Peck*, 14 Mich., 287; *Foster's Will*, 34 Mich., 21; *Van Sickle v. People*, 29 Mich., 65; *Van Wyck v. McIntosh*, 14 N. Y., 442; *Dubois v. Baker*, 30 N. Y., 355; *Randolph v. Loughlin*, 48 N. Y., 456.

*H. R. Lovell* and *C. D. Long* for defendant in error cited as to proof of handwriting by comparison, *Jhons v. People*, 25 Mich., 500; *First Nat. Bank of Houghton v. Robert*, 41 Mich., 709; *Haner v. Wallis*, 6 Amer. Dec., 169.

MARSTON, C. J. This action was brought to recover the amount due upon the joint promissory note of Worth & Bartell, given in part payment of a clover threshing machine purchased by Worth from the plaintiffs. The execution of the instrument sued upon was not denied in the pleadings.

The defense relied upon was that there was a warranty accompanying the sale of the threshing machine, a breach thereof, and a recoupment of the damages sustained in consequence of such breach.

To meet this defense the plaintiffs sought upon cross-examination of defendant Worth, when examined in his own behalf, to show that he had written certain letters to the plaintiffs and their agents, referring to the machine, asking an extension of the time of payment, and expressing satisfaction with the machine. It appeared

that Worth was illiterate, and evidence was given tending to show that the letters referred to were not written by him, but by his wife and others under his directions, and he was asked and testified that his signature to the note was not written by him. This last was called out not for the purpose of questioning the validity of the note as against him, as under the pleadings this could not be done, but to prevent a comparison by experts of the signatures to the note and letters to prove that the latter were signed by Worth.

Evidence was given tending to show that the note was in fact signed by Worth, and one of the witnesses, when upon the stand, testified that he had seen Worth write his name; that he, the witness, had a note in his possession given by Worth, and he was permitted to examine such note, with the one in suit, and give his opinion concerning the same and also that Worth had written certain of the letters already spoken of.

The witness Hakes having seen Worth sign a note, and having that note in his possession, it was proper to allow him to compare the signature to the note in suit with the one in his possession, and then give his opinion, and to make a like comparison with and give his opinion therefrom that the letters also were written by Worth. This comes clearly within what was said and the authorities cited in *Vinton v. Peck*, 14 Mich., 293.

Upon this proof having been made, the letters were admissible, not as counsel seem to argue, for the purpose of comparing them with the note in suit to prove it genuine, because that question was not in issue, but that the jury might from all the evidence in the case, by comparison with the note in suit and the oral evidence, determine whether the letters were written by Worth or under his direction and authority, and if they did so find, to consider their bearing and weight upon the question of a breach of warranty. Thus far we discover no error.

It is said that the court erred in modifying defend-

ants' requests to charge relating to the subject of damages. The defense relied upon was a warranty and breach thereof. The record sets forth the evidence given on the trial. The only evidence tending to show a warranty, if there was any such, was that of defendant Worth. He testified that he purchased the machine of Odell of Flint. "He was acting as agent of plaintiff McConnell. Said it was a very good machine and would do very nice work, and I purchased it with that understanding." On cross-examination he testified: "The warranty of Odell was verbal."

The representation made that it was a very good machine and would do very nice work falls far short of amounting to a warranty. If this statement could be so held, then no man could with any degree of safety say anything in praise of his wares without being held as thereby warranting them—a doctrine certainly not sustained in the law. The jury by their general verdict did not find a warranty, because it was in favor of the plaintiffs, and although certain questions were submitted to them, and some of which they answered, yet the answers given do not show that they found either that there had been a warranty or a breach thereof.

The first question submitted asked them to find whether the machine was sold with a *recommend* or warranty that it was a good machine and would do good work, and to this they answered, "Yes." Now whether they found a mere recommendation or a warranty certainly is not here settled by this question and answer. In answer to the next question submitted to them they were unable to agree whether the machine was a good one and did good work, and under the next question they could not agree whether the machine was as good as recommended at the time of sale. Under such circumstances it was wholly immaterial whether the court was correct in the modification of the requests to charge or not, as under the answers given by the jury it is clear they never even approached that question.

When we look at the testimony given by Worth referring to the representations made, in connection with his letters written asking for an extension of the time of payment, it becomes very clear indeed that there was no warranty of the machine by the plaintiffs or their agents, and that there was nothing therefore to submit to the jury upon that subject or damages in connection therewith. *Deuel v. Higgins,* 9 Mich., 223.

The judgment must be affirmed with costs.

The other Justices concurred.